UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN KYLE HASKO, SR.,

    Plaintiff,

    v.

MARSHALL COUNTY DEPARTMENT
OF CORRECTIONS HOUSE
OFFENDERS, et al.,

    Defendants.

CAUSE NO. 3:20-CV-788-JD-MGG

OPINION AND ORDER

Dustin Kyle Hasko, Sr., a prisoner without a lawyer, filed a lawsuit alleging that he has been denied constitutionally adequate medical care while incarcerated at the Marshall County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hasko alleges that he had a broken clavicle and stitches in his finger when he arrived at the jail. Both injuries occurred prior to his arrest. He told jail staff about these injuries upon intake. He was then placed in medical observation, but he did not receive any medical care while there. Nurse Mary Loftus told him that a doctor would be

examining him to clear him for release to population and would perhaps take some x-rays. When he saw the doctor, the exam was perfunctory and focused on his broken clavicle. He asked Nurse Loftus when his stitches would be removed. She indicated that she did not know he had stitches and that she would work on that. He was released to general population that day without the stitches being removed.

Hasko's shoulder continued to bother him, so he wrote two requests for medical attention. He was moved back to medical observation. One morning, Nurse Loftus told Hasko that he would be having an x-ray to check on healing. The next day, he received an x-ray and was transferred back to general population. It is unclear who made the decision that he could return to general population. Hasko expected that he would have a fourteen-day follow-up to his intake exam, but no exam happened. He still has stitches and they are uncomfortable. The complaint does not allege that Hasko write a request for medical care related to his stitches.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled

to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd.").

Hasko has named Nurse Loftus as a defendant, but his only allegations against her are that she did not know he had stitches in his finger until after a physician determined that Hasko was ready to be released to general population, that she said she would work on that, and she did not follow through. These allegations suggest that Nurse Loftis may have been negligent or even incompetent, but not deliberately indifferent. Neither negligence nor incompetence amount to deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). To the extent that Hasko is unhappy with the care he received for his shoulder, he was examined by a physician who determined he should be returned to general population, and when he indicated he was in pain, an x-ray was performed to assess healing. There is no indication that Nurse Loftis was deliberately indifferent to his condition. Thus, he has not stated a claim against her.

The only other defendant that Hasko is suing is the "Marshall County Department of Correction House Offenders." It is unclear who he is trying to sue, but he cannot sue unnamed members of the jail's staff. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997)("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R.

Civ. P. 15, nor can it otherwise help the plaintiff."). And, he cannot sue the jail itself. It is a building, not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

While Hasko's current complaint does not state a claim, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Hasko decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Dustin Kyle Hasko, Sr.;

(2) GRANTS Dustin Kyle Hasko, Sr., until **October 23, 2020**, to file an amended complaint; and

(3) CAUTIONS Dustin Kyle Hasko, Sr., that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 28, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT