UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN KYLE HASKO, SR.,

    Plaintiff,

        v.                            CAUSE NO. 3:20-CV-788-JD-MGG

MARY LOFTUS,

    Defendant.

## OPINION AND ORDER

Dustin Kyle Hasko, Sr., a prisoner without a lawyer, filed an amended complaint alleging that Nurse Mary Loftus denied him constitutionally adequate medical care while incarcerated at the Marshall County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hasko alleges that he had stitches in his finger when he arrived at the jail. He told jail staff about his stitches upon intake. He was then placed in medical observation for a separate injury. While there, he told Nurse Loftus and others about his stitches. He was moved back to general population and waited for Nurse Loftus to call for him to have his stitches removed, but she never did. His finger became infected and painful.

He asked correctional officers to contact Nurse Loftus and they said they would, but still he did not receive any care for his finger. At one point, he was told that Nurse Loftus was aware of his request, but she had left for the day. He filed a grievance, and later that same day, Nurse Loftus removed his stitches. She indicated she would do a follow up exam the next day, but she did not.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[T]he Constitution is not a medical code that mandates specific medical treatment." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Moreover, constitutionally adequate care does not require the total alleviation of pain. *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("To say the Eighth Amendment requires prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd.").

Hasko's allegations against Nurse Loftus suggest that she may have been negligent or even incompetent, but not deliberately indifferent. Neither negligence nor incompetence amount to deliberate indifference. *See Pierson v. Hartley*, 391 F.3d 898, 902

(7th Cir. 2004); *Minix v. Canarecci*, 597 F.3d 824, 831-32 (7th Cir. 2010). Thus, he has not stated a claim against her.

For the reasons set forth above, the amended complaint is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim for which relief can be granted and the clerk is DIRECTED to close this case.

SO ORDERED on November 10, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT